# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KAREN A. ROCKWELL, )  )  Plaintiff, )  )  vs. )  )  TALBOTT, ADAMS & MOORE, )  INC., a Texas corporation, )  )  Defendant. ) | 8:04CV24  ORDER |

    This matter is before the court on defendant's MOTION FOR LEAVE TO FILE AMENDED ANSWER (#31). Having considered plaintiff's brief in resistance to the motion (#42), I find that the motion should be denied.

    The case is set for trial the week of August 1, 2005 and will be pretried on July 26, 2005. The deadline for amending the pleadings expired on August 13, 2004. Defendant filed this motion on July 13, 2005, seeking to add a bona-fide-error defense to plaintiff's claims under the Fair Debt Collection Practices Act and the Nebraska Consumer Protection Act. The amendment is sought because defendant erroneously believed that its initial answer, filed by former counsel, had included a bona-fide-error defense. While the defense was discussed in the parties' Rule 26(f) report (#13), plaintiff advised defendant on October 29, 2004 in her objection to defendant's Interrogatory No. 16 that defendant had not, in fact, pleaded the defense of bona-fide-error.

    Under Fed. R. Civ. P. 15(a), the court may grant a motion to amend a pleading "when justice so requires." The court does not abuse its discretion by denying leave to amend where there is "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party ..., futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

    While the defendant now opines that the plaintiff will not suffer any prejudice if the amendment is allowed, "the perception of prejudice, like beauty, is largely in the eyes of the beholder." *Lugino's, Inc. v. Pezrow Companies, Inc.*, 178 F.R.D. 523, 525 (D. Minn. 1998). Plaintiff explains in her brief that she did not take any depositions in this case because the defendant did not plead any bona-fide-error defense. Allowing the amendment would require reopening discovery and rescheduling the trial.

     Simply, there is no reason why the defendant could not have filed this motion much earlier in the litigation, especially in light of plaintiff's discovery response on October 29, 2004 specifically pointing out that the defendant had not raised this particular defense. Under the circumstances, I find that the defendant's motion was not timely filed, that defendant has not shown good cause for the delay, and that amending the answer at this late stage would be unfairly prejudicial to the plaintiff.

     **IT IS ORDERED** that defendant's MOTION FOR LEAVE TO FILE AMENDED ANSWER (#31) is denied.

     **DATED July 21, 2005.**

                                        **BY THE COURT:**

                                        **s/ F.A. Gossett**
                                        **United States Magistrate Judge**