## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **KAREN A. ROCKWELL,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **8:04CV24** |
| vs. ) | |
| ) | **ORDER** |
| **TALBOTT, ADAMS & MOORE, INC., a** ) | |
| **Texas corporation,** ) | |
| ) | |
| **Defendant.** ) | |

This matter is before the court on defendant's RENEWED MOTION FOR LEAVE TO FILE AMENDED ANSWER (#73). Having considered plaintiff's brief in resistance to the motion (#75), I find that the motion should–once again–be denied.[1]

The deadline for amending the pleadings expired on August 13, 2004. Defendant first sought to amend its answer on July 13, 2005, seeking to add a bona-fide-error defense to plaintiff's claims under the Fair Debt Collection Practices Act and the Nebraska Consumer Protection Act. Circumstances have not changed since July 26, 2005, when I denied the defendant's motion for reconsideration on this issue. The defendant did not appeal that order to the district court. The final pretrial conference was held and the final pretrial order was entered on July 26, 2005.

In summary, the plaintiff made certain decisions about discovery based on matters which were actually pled. A Rule 26(f) planning report is not a "pleading" within the meaning of Rule 7 of the Federal Rules of Civil Procedure. Discovery closed on February 15, 2005. The order on final pretrial conference has been filed, and it supersedes all pleadings. *See* Fed. R. Civ. P. 16(e). The final pretrial order may be modified only to prevent "manifest injustice." *Id.* It is too late to add affirmative defenses. To allow the defendant to do so less than one month before trial would constitute manifest injustice to the plaintiff.

**IT IS ORDERED** that defendant's RENEWED MOTION FOR LEAVE TO FILE AMENDED ANSWER (#73) is denied.

---

[1] This particular request for relief has already been denied twice. *See* Filings 43 and 52.

Pursuant to NECivR 72.2, a party may appeal this order by filing a "Statement of Appeal of Magistrate Judge's Order" within ten (10) days after being served with the order. The party shall specifically state the order or portion thereof appealed from and the basis of the appeal. The appealing party shall file contemporaneously with the statement of appeal a brief setting forth the party's arguments that the magistrate judge's order is clearly erroneous or contrary to law.

**DATED October 18, 2005.**

        **BY THE COURT:**

        **s/ F.A. Gossett**
        **United States Magistrate Judge**