# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **KAREN A. ROCKWELL,** ) | **CASE NO. 8:04CV24** |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **MEMORANDUM AND ORDER** |
| ) | **AWARDING ATTORNEY'S FEE** |
| **TALBOTT, ADAMS & MOORE, INC., A** ) | |
| **Texas Corporation,** ) | |
| ) | |
| **Defendant.** ) | |

This matter is before the Court on the Plaintiff's Motion for Attorney's Fees and Expenses (Filing No. 93). The motion is supported by the Affidavit of Plaintiff's attorney, Jamie L. Cox (Filing No. 93), a brief (Filing No. 94), and the declarations of attorneys William L. Reinbrecht and Pamela A. Car (Filing No. 100). Defendant opposes the motion on several grounds that are set forth in its brief (Filing No. 102) and are supported by the declaration of John P. Grant offered in opposition to the Plaintiff's motion. (Filing No. 103).

This case was tried on one claim, that the Defendant violated Plaintiff's rights under the Fair Debt Collections Practices Act, ("FDCPA"), 15 U.S.C. §1692 *et seq*. After a trial that lasted most of two days, the jury returned a verdict in favor of the Plaintiff. The jury was asked to consider whether the Plaintiff was entitled to any actual damages as a result of the Defendant's conduct, and the jury determined that she was not. The jury awarded the Plaintiff $250 in statutory damages. In closing argument, Plaintiff asked the jury to award her $30,000 for actual damage and $1,000 in statutory damages. The Plaintiff seeks an award of attorney's fees in the amount of $31,485.71 pursuant to 15 U.S.C. § 1692k. For the reasons that follow, I conclude that an award of fees is appropriate in this case, but not in the amount claimed.

**Fee Shifting Analysis.**

The Defendant concedes, and I agree, that an attorney's fee award is appropriate in this case. *See Burks v. Siemens Energy & Automation, Inc.,* 215 F.3d 880, 883 (8th Cir. 2000). Plaintiff Karen Rockwell prevailed in this action by proving that Talbott, Adams & Moore violated the FDCPA. However, the jury concluded that Rockwell was entitled only to statutory damages of $250, indicating that the evidence showed a technical violation of the Act. Nevertheless, pursuant to §1692k, I conclude that Rockwell is entitled to an award of attorney's fees.

The Supreme Court established in *Hensley v. Eckerhart*, that the award in fee-shifting cases is based upon the "lodestar" method. 461 U.S. 424, 433 (1983). The lodestar method calculates the number of hours reasonably expended and multiplies that by the applicable hourly market rate for the relevant legal services. *Id.*[1] The reasonable rate is determined by reference to the marketplace. *Missouri v. Jenkins*, 491 U.S. 274, 285 (1989) ("[W]e have consistently looked to the marketplace as our guide to what is 'reasonable.'")

---

[1] Many courts continue to be guided by the so-called "Johnson factors," but this Court has previously concluded that "*Hensley* makes clear that these factors matter only as they bear on the market rate or hours reasonably expended, or, in rare cases, if they are a basis for adjusting the lodestar." *El-Tabech v. Gunter*, 869 F.Supp. 1446, 1456 n.6 (D. Neb. 1994). Those factors are: (1) time and labor required; (2) novelty and difficulty of issues; (3) skill required; (4) loss of other employment; (5) customary fee; (6) whether fee is fixed or contingent; (7) time limitations imposed by client or circumstances; (8) amount involved and results obtained; (9) counsel's experience, reputation, and ability; (10) undesirability of case; (11) nature and length of relationship with clients; and (12) awards in similar cases. *Johnson v. Georgia Highway Express*, 488 F.2d 714, 717 (5th Cir.1974) *overruled on other grounds*, *Blanchard v. Bergeron*, 489 U.S. 87 (1989).

Plaintiff was represented by attorney Jamie L. Cox, who tried the case. He charged from $115 to $145 per hour in this case, and he states his current rate is $145 per hour for this type of case. Cox states that he has relevant experience in collection cases, including cases brought under the FDCPA. He earned his law degree in 2001 from the University of Iowa College of Law. He has offered the declarations of two attorneys who practice before this Court in the field of consumer protection, fair practices, and truth in lending law, in support of his claim that his rate reflects the market rate. These two attorneys, William L. Reinbrecht and Pamela A. Car, provide their opinion that Cox's hourly rate of $145 per hour is fair and consistent with, or below, the rates charged by other attorneys with comparable experience in the same practice area. (Filing No. 100). The Defendant submitted the affidavit of another well-respected Nebraska attorney, John P. Grant, who has the opinion that any rate over $125 per hour charged by an attorney admitted to practice in 2001 would be unreasonable. (Filing No. 103). I respectfully disagree. I find that Cox's rates, which were tied to his years of experience and ranged from $115 to $145 per hour in this case, are reasonable. However, the significance of that finding is diminished when I consider the reasonableness of the hours expended on this case.

In calculating the hours reasonably expended on a case, a court may review the records submitted by counsel, verify the accuracy of the records, and deduct excessive, redundant or otherwise unnecessary work. *ACLU Nebraska Foundation v. City of Plattsmouth*, 199 F.Supp.2d 964, 967 (D. Neb. 2002). "[R]eductions for insufficient documentation are included in the lodestar calculation and the novelty or difficulty of the case is also included." *Id.* The Supreme Court has observed that "[a]lthough the 'technical' nature of a nominal damages award or any other judgment does not affect the prevailing party inquiry, it does bear on the propriety of fees awarded [in that it affects the

3

'degree of success' inquiry]." *Farrar v. Hobby*, 506 U.S. 103, 114, (1992) quoted in *Burks*, 215 F.3d at 883.

> The Supreme Court made it clear that counsel are required to exercise billing judgment and that district courts are required to exclude from initial fee calculations hours that were not reasonably expended, including excessive, redundant, or otherwise unnecessary work. *Hensley*, 461 U.S. at 434. . . . In the Eighth Circuit, determining the adequacy of the records is largely left to the discretion of the trial court. When calculating the lodestar, it is important to recognize that a number of things are subsumed within it. Most of the time, reductions for insufficient documentation and the like are to be included in the calculation of the lodestar. Moreover, in the Eighth Circuit, the novelty or difficulty of the case should be included when calculating the lodestar rather than used as an enhancement. Finally, the Supreme Court has stated that a trial court may in its discretion compensate the award recipient for a delay in payment. This can be achieved by calculating the lodestar in current dollars.

*El-Tabech*, 869 F.Supp. at 1455-56 (some citations have been omitted).

From the outset, it appears that this was a straight-forward case to prepare, and, relatively speaking, a simple case to try. A review of the Plaintiff's legal bills shows that the Plaintiff's counsel performed preliminary research; prepared the Complaint; prepared and responded to written discovery; complied with the Court's local rules regarding scheduling and case progression; sought at least one continuance; conducted legal research on the bona-fide-error defense that was put to use in Plaintiff's opposition to the Defendant's motions to amend its answer and for reconsideration; prepared a trial brief, witness list, proposed jury instructions, and exhibit list; prepared for and tried the case; and prepared the fee application documents. He engaged in fruitless settlement discussions, and he communicated often, and sometimes at length, with his client.

I also note that there were no motions to compel that had to be filed, no depositions taken or defended, no summary judgment motions made or opposed, and no expert witnesses retained or deposed. This case did not present complicated facts. This case

4

did not require counsel to present any novel legal theories or arguments to the Court or to the jury.

In reviewing the statement of professional services, I observed that five persons billed time for this matter, when a more appropriate staffing may have been one lawyer and one legal assistant. I have some concern that there was duplication, repetition, and inefficiencies in the work performed. The descriptions of the work performed, which lack sufficient detail in many instances, do not quell these concerns. I also find that there was not a proper delegation of work from the attorney level to the legal assistant level, resulting in Mr. Cox doing work that arguably should have been performed in the first instance by a legal assistant. For example, drafts of the written discovery and summaries of the Defendant's discovery responses could have been prepared by legal assistants for the attorney's review. It is reasonable for a client to expect that work will be allocated within a law firm based on the level of expertise required of the task in order to provide efficiency and economy in the rendering of quality legal services.

I have also considered the result obtained. The Plaintiff asked the jury to award her $30,000 in actual damages and the maximum $1,000 in statutory damages, and yet the jury returned a verdict of just $250. The jury's award reflects the fact that the Plaintiff succeeded in proving a technical violation of the FDCPA only, and that her success on the merits was very limited. *See Carroll v. Wolpoff & Abramson*, 53 F. 3d 626, 629 (4th Cir. 1995).

The Plaintiff claims that approximately 200 hours of attorney time and 26 hours of legal assistant time was spent on this case. That is an excessive investment of time in a case in which a jury awarded only $250. *See Altergott v. Modern Collection Techniques, Inc.*, 864 F. Supp. 778, 783 (N.D. Ill. 1994)(finding that the defendant "should not have to

shoulder the entire financial burden . . . .caused by [plaintiff counsel's] failure to make a reasonable assessment of the value of their case.") Based on the considerations that I have set forth above, I conclude that it would have been reasonable to expend up to 35 hours on this matter. To this amount of reasonable time, I will apply Mr. Cox's highest hourly rate of $145, and not attempt to parse out time for more senior litigators who did not spend a significant amount of time on the case or for legal assistants. This calculation renders a fee award in the amount of $5,075. I conclude that $5,075 is a reasonable attorney fee award for this case.

As a final matter, I will not permit expenses above the costs already taxed. The one-word description of most expenses, *e.g.*, "photocopies," is not sufficient documentation upon which to assess expenses. Certain other expenses, such as postage, unless shown to be extraordinary, are considered part of the law firm's overhead. *Emery v. Hunt*, 272 F.3d 1042, 1048 (8th Cir. 2001).

.                              **Conclusion**

The Court is in a position to award attorney fees where, as in this case, the prevailing party has acted pursuant to a private-attorney-general theory to vindicate federal rights that will benefit society as a whole. However, this Court is not in a position to award fees in an unreasonably high amount that might discourage parties from compromising and settling valid claims for a fair amount.

IT IS ORDERED:

1.     Plaintiff's Motion for Attorney's Fees (Filing No. 93) is granted as follows: The Defendant, Talbott, Adams & Moore, Inc., is directed to pay to the prevailing Plaintiff, Karen Rockwell, her reasonable attorney's fee in connection with this

6

matter in the amount of $5,075.  Arrangements for payment shall be made forthwith by and between counsel for Plaintiff and counsel for Defendant; and

2.      The Clerk is directed to terminate Filing No. 100, which is entitled a supplemental motion but is actually evidence offered in support of Filing No. 93.

Dated this 21st day of February, 2006.

                                        BY THE COURT:

                                        s/Laurie Smith Camp
                                        United States District Court